UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Madeline Cox Arleo |
| | : | |
| v. | : | Crim. No. 24-407 |
| | : | |
| TIMOTHY BOGEN, | : | |
| KEVIN FRINK, | : | |
| DION JACOB, | : | |
| QUINTON JOHNSON, | : | |
| DAVID LONERGAN, | : | |
| DAVID MCBRIEN, | : | |
| RODOLFO RIVERA, | : | |
| GREGORY RICHARDSON, | : | |
| MICHAEL TOAL, and | : | |
| DAMANY WALKER | : | **CONSENT PROTECTIVE ORDER** |

Upon the application of the United States of America, and upon consent of the defendants, the Court finds and orders as follows:

1. **Disclosure Material.** The Government anticipated disclosing to the defendants documents, objects and information as defined by Rule 16(a)(1)(A)-(F), materials pursuant to 18 U.S.C. § 3500, and potential exculpatory or impeachment material ("Disclosure Material"). The Disclosure Material produced pursuant to a scheduling order determined by the Court, includes material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. Thus, the entry of a protective order is

appropriate.

2.      **Facilitation of Discovery.** Entry of this Order permits the Government to expeditiously produce the Disclosure Material without further litigation or the need for redaction. It also affords the defense prompt access to those materials, in unredacted form, facilitating the preparation of the defense.

3.      **Timing and Scope of Disclosures.** Nothing in this Order changes in any way the timing or scope of the Government's discovery disclosure obligations, and those disclosures remain governed by Rule 16, 18 U.S.C. § 3500, and other statutory and constitutional authorities.

4.      **Good Cause**. There is good cause for entry of this protective order. IT IS on this 17th day of July, 2024, ORDERED that:

5.      Disclosure Material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as expressly permitted by this Order. Disclosure Material shall be used by the defense solely for purposes of defending this action. The defense shall not disclose any Disclosure Material to any third party except as expressly set forth below.

6.      Disclosure Material may be disclosed by the defense only to:

    a.      Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

    b.      Prospective witnesses for purposes of defending this action, but counsel shall not permit such individuals to possess or retain Disclosure Materials

or duplicate versions; and

      c.    Any Coordinating Discovery Attorney ("CDA") appointed pursuant to the Criminal Justice Act in this case, and any CDA employees and vendors the CDA may engage in the course of his or her duties.

7.    The Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further order of this Court.

8.    This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. But if a party wishes to submit Disclosure Material to a court in connection with a motion or application for relief, that party shall do so pursuant to the same procedures used for sentencing materials, as outlined in the District of New Jersey's Protocol for Disclosure of Sentencing Materials (available at https://www.njd.uscourts.gov/court-info/local-rules-and-orders. Under those procedures:

    a. The Disclosure Material in question must be submitted directly to the court and all counsel of record in the underlying prosecution; absent a court order, no Disclosure Material may be filed on the Court's Case Management/Electronic Case File System ("ECF").

    b. The submitting party must file a contemporaneous notice on ECF that Disclosure Materials have been submitted to the Court pursuant to this protective order.

  c. Public access to the Disclosure Materials shall be governed by the same procedure set forth in paragraphs two through five of the District of New Jersey's Protocol for Disclosure of Sentencing Materials.

9. For any Disclosure Material made public, the publishing party must comply with the provisions of Federal Rule of Criminal Procedure 49.1.

10. Counsel may use Disclosure Material at trial, subject to Rule 49.1 and any other applicable law or rules. Disclosure Material introduced as exhibits at a hearing or at trial are no longer subject to the restrictions set forth in this Protective Order.

**Disclosure and Protection Search Warrant ESI Disclosure Material**

11. Certain Disclosure Material may be contained within electronically stored information ("ESI") that the Government has seized, pursuant to search warrants issued during the investigation, from cell phones, devices, storage media, and providers of electronic communications services and remote computer services (including email, cloud storage providers, and other online services).

12. The Government is authorized to disclose to the defendants, defense counsel, and personnel for whose conduct counsel is responsible, i.e., personnel employed by or retained by counsel (the "Defense Team"), for use solely as permitted herein, the entirety of the ESI that was initially produced by a provider or captured from a device pursuant to search warrant (the "ESI Disclosure"). This authorization includes the production of the ESI Disclosure to all defendants in

this case, regardless of whether the ESI was possessed or owned by, only one defendant. The Defense Team may review the ESI Disclosure to identify items material to the defense. They shall not further disseminate or disclose any portion of the ESI Disclosure except as otherwise set forth under this Order.

**<u>Return or Destruction of Material</u>**

13.     Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material within 30 days of: (a) the expiration of the period for direct appeal from any verdict in the above-captioned case; (b) the expiration of the period of direct appeal from any order dismissing any of the charges in the above-captioned case; (c) the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case; or (d) the issuance of an opinion by an appellate court that terminates the case, whichever date is later. The requirements of this paragraph are subject to, and shall not be construed in derogation of, defense counsel's obligation to retain client files under the Rules of Professional Conduct.

14.     The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what Disclosure Material has been disclosed to which such persons.

15.     This Order is binding on all future and successor counsel.

**Retention of Jurisdiction**

16.  The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

IT IS SO ORDERED this 17th day of July, 2024:

_____
HON. MADELINE COX ARLEO
United States District Judge

Consented to as to form and entry:

/s/ Jessica R. Ecker
_____
Katherine M. Romano
Jessica R. Ecker
Assistant U.S. Attorneys

_____
Counsel for defendant Timothy Bogen

_____
Counsel for defendant Kevin Frink

_____
Counsel for defendant Dion Jacob

_____
Counsel for defendant Quinton Johnson

/s/ Bruce Rosen, Esq.
_____
Counsel for defendant David Lonergan


_____
Counsel for defendant David McBrien


_____
Counsel for defendant Rodolfo Rivera

 /s/ Chris Adams, Esq.
_____
Counsel for defendant Gregory Richardson


_____
Counsel for defendant Michael Toal

 /s/ Michael Rosas, Esq.
_____
Counsel for defendant Damany Walker

**Retention of Jurisdiction**

16. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

IT IS SO ORDERED this _____ day of _____, 2024:

_____
HON. MADELINE COX ARLEO
United States District Judge

Consented to as to form and entry:

_____
Katherine M. Romano
Jessica R. Ecker
Assistant U.S. Attorneys

*Michael P. Rubas*
_____
Counsel for defendant Timothy Bogen

_____
Counsel for defendant Kevin Frink

_____
Counsel for defendant Dion Jacob

_____
Counsel for defendant Quinton Johnson

**Retention of Jurisdiction**

16. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

IT IS SO ORDERED this _____ day of _____, 2024:

_____
HON. MADELINE COX ARLEO
United States District Judge

Consented to as to form and entry:

_____
Katherine M. Romano
Jessica R. Ecker
Assistant U.S. Attorneys

_____
Counsel for defendant Timothy Bogen

_____
Counsel for defendant Kevin Frink

_____
Counsel for defendant Dion Jacob

_____
Counsel for defendant Quinton Johnson

**Retention of Jurisdiction**

16. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

IT IS SO ORDERED this _____ day of _____, 2024:

_____
HON. MADELINE COX ARLEO
United States District Judge

Consented to as to form and entry:

_____
Katherine M. Romano
Jessica R. Ecker
Assistant U.S. Attorneys

_____
Counsel for defendant Timothy Bogen

_____
Counsel for defendant Kevin Frink

_____
Counsel for defendant Dion Jacob

_____
Counsel for defendant Quinton Johnson

**Retention of Jurisdiction**

16. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

IT IS SO ORDERED this _____ day of _____, 2024:

                                      HON. MADELINE COX ARLEO
                                      United States District Judge

Consented to as to form and entry:

Katherine M. Romano
Jessica R. Ecker
Assistant U.S. Attorneys

                                      Counsel for defendant Timothy Bogen

                                      Counsel for defendant Kevin Frink

                                      Counsel for defendant Dion Jacob

                                      Counsel for defendant Quinton Johnson

_____
Counsel for defendant David Lonergan


_____
Counsel for defendant David McBrien

_____
Counsel for defendant Rodolfo Rivera


_____
Counsel for defendant Gregory Richardson


_____
Counsel for defendant Michael Toal


_____
Counsel for defendant Damany Walker

Order following termination of the case.

IT IS SO ORDERED this \_\_\_\_\_ day of \_\_\_\_\_, 2024:

_____
HON. MADELINE COX ARLEO
United States District Judge

Consented to as to form and entry:

_____
Katherine M. Romano
Jessica R. Ecker
Assistant U.S. Attorneys

_____
Counsel for defendant Timothy Bogen

_____
Counsel for defendant Kevin Frink

_____
Counsel for defendant Dion Jacob

_____
Counsel for defendant Quinton Johnson

_____
Counsel for defendant David Lonergan

*/s/ Michael V. Calabro*
Counsel for defendant David McBrien

6

_____
Counsel for defendant David Lonergan


_____
Counsel for defendant David McBrien


_____
Counsel for defendant Rodolfo Rivera


_____
Counsel for defendant Gregory Richardson

*/signature/*
_____
Counsel for defendant Michael Toal


_____
Counsel for defendant Damany Walker

2